IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VICTOR D. VICKERS,**

                      **Plaintiff,**

        v.                                  CASE NO. 12-3203-SAC

**RAY ROBERTS, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner held at the Crossroads Correctional Facility, Cameron, Missouri. Because plaintiff has submitted neither the $350.00 filing fee nor a motion for leave to proceed in forma pauperis, the court will direct him to submit the fee or an appropriate motion with supporting financial documents.

*Screening*

A federal court must conduct a preliminary screening of any case in which a prisoner seeks relief from a governmental entity or and employee or officer of such an entity. *See* 28 U.S.C. § 1915A(a). During this review, the court must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

In order to survive this initial screening, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must liberally construe the pleadings of a pro se party.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Likewise, the court must accept the well-pleaded allegations of the complaint as true, and will construe those allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555. Despite this, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558.

Plaintiff appears to challenge the execution of his sentences, contending that he was required to serve concurrent terms for probation violation as consecutive sentences, resulting in his unlawful incarceration. It also appears that he filed motions in 2008 seeking correction of the sentences, but it is unclear whether he prevailed on those motions. Accordingly, the court will direct plaintiff to clarify what, if any, relief he obtained in the 2008 motions. Finally, plaintiff is directed to show what, if anything, he did to seek relief between the 2008 incarceration of which he complains and the time he filed this matter in September 2012.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including January 4, 2013, to submit the filing fee or a motion for leave to proceed in forma pauperis.

IT IS FURTHER ORDERED plaintiff is granted to and including January 4, 2013, to clarify the record by stating what, if any, relief he obtained in the 2008 motions he filed and to explain, what, if anything, he did to pursue relief between the 2008 incarceration and the filing of this action in September 2012. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

The clerk of the court shall transmit to the plaintiff a copy

of this order and a form motion for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

DATED: This 5th day of December, 2012, at Topeka, Kansas.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge